| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | Rosine L. Garabedian<br>First Name   Middle Name   Last Name | Social Security number or ITIN: xxx–xx–9098<br>EIN: _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN: _ _ _ _<br>EIN: _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: | District of Massachusetts | Date case filed for chapter: 13   6/13/24 |
| Case number: | 24–40619 | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/20

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 8 for more information.)

**To protect your rights, you may wish to consult an attorney.** All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other document in the case.** Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Rosine L. Garabedian | |
| 2. | **All other names used in the last 8 years** | aka Rosine Linda Garabedian | |
| 3. | **Address** | 28 Meachen Road<br>Sudbury, MA 01776–1381 | |
| 4. | **Debtor's attorney**<br>Name and address | Cynthia Ravosa<br>Massachusetts Bankruptcy Center<br>One South Avenue<br>Natick, MA 01760 | Contact phone 508–655–3013<br>Email:<br>massachusettsbankruptcycenter@gmail.com |
| 5. | **Bankruptcy trustee**<br>Name and address | David A. Mawhinney–Ch13<br>Chapter 13 Trustee<br>P.O. Box 964<br>Worcester, MA 01613 | Contact phone (508) 791–3300 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at pacer.uscourts.gov. | U. S. Bankruptcy Court<br>595 Main Street<br>Worcester, MA 01608 | Hours open Monday–Friday 8:30am–5:00pm<br>Contact phone 508–770–8900<br>Date: 6/13/24 |

**For more information, see page 2**

Debtor **Rosine L. Garabedian**                                                                                                                           Case number **24–40619 – edk**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **July 12, 2024 at 11:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**The meeting will be held TELEPHONICALLY** |
| | **The dial–in number and participant code for the telephonic section 341 meeting of creditors will be posted to the docket within 14 days prior to the meeting. You may also contact the trustee for dial–in information.** | |
| **8. Deadlines**<br>Papers and any required fee must be received by the bankruptcy clerk's office **no later than the deadlines listed.** | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 9/10/24** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 8/22/24** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 12/10/24** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form (Official Form 410) may be obtained at  www.uscourts.gov or any bankruptcy clerk's office or printed from the Court's website at www.mab.uscourts.gov/mab/creditorinformation. You may also file your claim electronically through the court's website at www.mab.uscourts.gov.<br><br>   • If you do not file a proof of claim by the deadline listed, you might not be paid any money on your claim.<br>   • **To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.**<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline for filing surrogate proofs of claim by the debtor or trustee under Fed. R. Bankr. P. 3004:**<br><br>*In the event a creditor does not timely file a proof of claim, a surrogate claim is not timely filed, or a claim is not allowed by the Court, the creditor may not receive distribution under the Chapter 13 plan.* | **Filing deadline:** 30 days after the applicable bar date or as extended by the Court |
| | **Deadline to object to exemptions:**<br><br> The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Deadline to file §503(b)(9) requests** | Requests under Bankruptcy Code §503(b)(9)(goods sold within twenty(20) days of bankruptcy) must be filed in the bankruptcy clerk's office. | **Filing deadline:** 60 days from the first date set for the meeting of creditors |
| **10. Filing of plan** | The debtor has not filed a plan as of this date.<br><br>Unless otherwise permitted by the court, **the debtor has 14 days from case filing to file a plan if it has not been filed already.**<br><br>Pursuant to Massachusetts Local Bankruptcy Rule 13–8(a), **unless otherwise ordered by the Court, any objection to confirmation of a chapter 13 plan shall be filed on or before the later of (i) thirty (30) days after the date on which the first section 341 meeting is held or (ii) thirty (30) days after service of an amended or modified plan.** If an objection to a plan is filed, the Court may schedule a hearing. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, [is included with this notice] or [will be sent to you later], and [the confirmation hearing will be held on the date shown in line 10 of this notice] or [the court will send you a notice of the confirmation hearing]. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |

**For more information, see page 3**

Official Form 309I  **Notice of Chapter 13 Bankruptcy Case**  page 2

| | |
|---|---|
| **13. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **14. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. |
| **15. Financial Management Training Program Deadline for the Debtor** | **Deadline for debtor to attend a financial managment training program approved by the United States Trustee: No later than the date when the last payment was made by the debtor as required by the plan or the filing of a motion for a discharge under §1141(d)(5)(B) or §1328(b) of the Code.** The discharge will not enter if the debtor fails to attend a financial management–training program approved by the United States Trustee or if the debtor attends such training and fails to file a certificate of completion with the U.S. Bankruptcy Court. The training is in addition to the pre–bankruptcy counseling requirement. A list of approved courses may be obtained from the United States Trustee or from the court's website at www.mab.uscourts.gov. |
| **16. Abandonment of Estate Property** | Notice is hereby given that any creditor or other interested party who wishes to receive notice of the estate representative's intention to abandon property of the estate pursuant to 11 U.S.C. §554(a) must file with the Court and serve upon the estate representative and the United States trustee a written request for such notice within fourteen (14) days from the date first scheduled for the meeting of creditors. |