UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____
)
In re: )
)
ROSINE L. GARABEDIAN,        )        24-40619-EDK
)
Debtor.         )
_____)

OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

Now comes Cristian Pereira ("Pereira") and CCLM 28 Meachen Road, LLC ("CCLM 28", and collectively "Buyers"), through counsel, who object to Rosine L. Garabedian's proposed Chapter 13 plan (the "Plan") (Doc. 25). In support of their objection, Buyers state:

1. On June 11, 2024, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to La Salle Bank, N.A., as Trustee, on behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-HY6 ("U.S. Bank") conducted a foreclosure auction of 28 Meachen Street, Sudbury, MA 01776 (the "Property") under the terms of an April 9, 2007 mortgage on the Property (the "Mortgage") granted by Alishan Garabedian and Debtor (the "Garabedians"). See Motion for Relief from Stay (Doc. 28) ("MRF") and appended exhibits, Mortgage, Ex. 2; Assignment, Ex. 3; Certificate of Entry to Foreclose (the "Certificate of Entry"), Ex. 6; Notice of Sale and Memorandum of Sale, Ex. 7.

2. Pereira was the highest bidder at a public foreclosure action. See Notice of Sale and Memorandum of Sale, Ex. 7 to MFR.

3. At the end of the auction, Pereira executed a Memorandum of Terms and Conditions for the Purchase. <u>Id</u>

4. Pereira assigned his bid, right, title, and interest in the Memorandum of Sale to CCLM 28 after the fact. <u>See</u> Assignment of Bid, Ex. 8 to MFR.

5. At the time of the filing of Debtor's petition on June 13, 2024, Debtor's equitable interest in the Property had been extinguished. <u>See</u> Mortgage, Ex. 2 to MFR; Assignment, Ex. 3 to MFR; Certificate of Entry, Ex. 6 to MFR; Notice of Sale and Memorandum of Sale, Ex. 7 to MFR.

6. Debtor retains only an immediate possessory interest in the Property, as she uses it as her primary residence.

7. Debtor also owns an interest, though a trust, in a two-family investment property located at 141-143 Eastbourne Road, Newton Center, MA ("<u>Investment Property</u>"). <u>See</u> Schedule A/B: Property (Doc. 24).

8. Through her Plan, Debtor seeks to sell the Investment Property and use the sale proceeds to payoff the now foreclosed and extinguished mortgage on the Property. <u>See</u> Plan, Part 8 (Doc. 25).

9. Specifically, the Plan proposes:

2. The Debtor intends to satisfy the claims of U.S. Bank Trust, N.A. (holder of a mortgage against the Residence) and Watertown Savings Bank (holder of two mortgages against the Debtor's property located at 141-143 East Bourne Street, Newton, MA (the "Newton Property"), through a sale of the Newton Property. The Debtor has a pre-petition offer to purchase the Newton Property for $1,700,000.00. The Debtor intends to file a Motion to Employ her broker and Motion to Sell the Newton Property within thirty days of the filing of this plan.

3. From the proceeds of the sale of the Newton Property will be paid: the secured claims of Watertown Savings Bank, the secured claim of U.S. Bank Trust, N.A., in addition to any costs, expenses, fees or charges (including

but not limited to property taxes, water/sewer fees, and other misc. closing costs) incidental to the sale. The net proceeds of the sale will be turned over to the Chapter 13 Trustee for distribution to unsecured creditors, up to the total amount of allowed unsecured claims and administrative expenses (inclusive of the Chapter 13 Trustee's statutory commission). Given the $1,700,000.00 of the Newton Property, the Debtor anticipates that the sale will produce net proceeds sufficient to pay all allowed claims, secured and unsecured, in full.

Id.

10. Buyers object to the Plan for several reasons.

11. Debtor has incorrectly scheduled the Property as an asset. That is not correct. Because of a completed foreclosure auction and an executed Memorandum of Sale, Debtor's equitable interest in the Property had been extinguished. Thus, she cannot "satisfy the claims of U.S. Bank Trust, N.A. (holder of a mortgage against the Residence)" because there is no claim. The Mortgage has been foreclosed, Debtor's equity of redemption has been extinguished, and there is no mortgage to pay off.

12. Moreover, the Plan is not feasible. Debtor states that she will pay $429.00 per month. Plan, at 2 (Doc. 25). But Debtor's total monthly income is $565.00 per month. See Schedule I, ¶10 (Doc. 24). In essence, Debtor is contributing almost 81% of her income to fund her Plan which leaves no remaining funds for day-to-day living expenses (let alone carrying costs of two properties). Debtor also has minimal cash reserves (totaling roughly $3,796.35) which cannot cover essential costs like food, electricity, water, etc. See Schedule A/B, ¶¶ 15, 16. To make up for any shortfall, Debtor indicates that she will receive $4,320.00 per month from "contributions from family." Schedule I, ¶11. This contribution, however, is not described, not

sufficiently documented, and not realistic. There is no explanation as to where the money is coming from, if there is any formal agreement to ensure the payments are made, or if there is any proof of a viable source of funds. Further, Debtor does not explain if she intended to repay these contributions in the future or is obligated to do so. Going further into debt to pay off debt is not a viable option to achieve confirmation.

13. At Debtor's 341 Meeting, she indicated that her sons will be funding the monthly contribution. Assuming that this is the case, it makes the Plan even less feasible. There is nothing to establish if her sons can afford to contribute $4,320.00 each month. Indeed, where Debtor fell behind on her mortgage for the Property and lost it to foreclosure due to inability to pay, it follows that her sons were not able to contribute funds to Debtor's income to avoid her loss of the Property. Thus, it is unlikely that Debtor will be able fund her Plan with the mere hope that her sons continue to pay (if they can even afford) over $200,000 in payments over 50 months.

14. Buyers also object to the Plan to the extent that Debtor states an intent to sell the Investment Property. A sale of the Investment Property to fund the Plan is equivalent to a balloon payment in violation of 11 U.S.C. § 1325 (a)(5)(B(iii)(I) and cannot be confirmed.

15. Further, it is also unclear if Debtor meets the fundamental requirements to be a debtor in bankruptcy. Under 11 U.S.C. § 1308(a), Debtor was required to file tax returns. A recent filing from the Massachusetts Department of Revenue indicates that Debtor has not filed personal income tax returns for

4

filing periods of 12/31/2020, 12/31/2021, 12/31/2022, and 12/31/2023. <u>See</u> Notice (Doc. 9). Thus, she does not appear to qualify as debtor under 11 U.S.C. § 1308(a).

WHEREFORE, Buyers respectfully request that the Court deny Debtor's Plan.

    Respectfully submitted,

    Cristian Pereira and
    CCLM 28 Meachen Road, LLC,
    by their attorney,

    */s/ Sean R. Higgins*
    Sean R. Higgins (ct28279)
    sean.higgins@klgates.com
    Keith J. McCarthy (BBO# 690779)
    keith.mccarthy@klgates.com
    K&L Gates LLP
    1 Congress Street, Suite 2900
    Boston, MA 02114
    T: 617.261.3128
    F: 617.261.3175

Dated: July 19, 2024

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____  )
                                )
In re:                          )
                                )
ROSINE L. GARABEDIAN,            )    24-40619-EDK
                                )
       Debtor.                  )
_____  )

CERTIFICATE OF SERVICE

I hereby certify that I served this document through the CM/ECF system on July 19, 2024 and it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF):

Cynthia Ravosa - massachusettsbankruptcycenter@gmail.com
Richard King - USTPRegion01.WO.ECF@USDOJ.GOV
David A. Mawhinney - davidmawhinney@ch13worc.com
Reneau J. Longoria - rjl@dgandl.com

Additionally, a paper copy will be sent by mail to non-registered participants including:

   Rosine L. Garabedian
   28 Meachen Road
   Sudbury, MA 01776-1381

                                    /s/ Sean R. Higgins
                                    Sean R. Higgins (BBO# 659105)
                                    sean.higgins@klgates.com
                                    Keith J. McCarthy (BBO# 690779)
                                    keith.mccarthy@klgates.com
                                    K&L Gates LLP
                                    1 Congress Street, Suite 2900
                                    Boston, MA 02114
                                    T: 617.261.3128
                                    F: 617.261.3175